1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8
9
10   RANDY FORTUNATO,

11          Plaintiff,                              Case No. 2:12-CV-00783-KJD-PAL

12   v.                                             **ORDER**

13   HOPP LAW FIRM, LLC, *et al.*,

14          Defendants.

15

16          Before the Court is the Motion to Dismiss or in the Alternative Motion for Summary

17   Judgment (#7) of Defendants Equable Ascent Financial, LLC, Hopp Law Firm, LLC, and Weltman,

18   Weinberg & Reis Co., LPA (collectively "Defendants").  Plaintiff has filed an opposition (#10) and

19   Defendants have filed a reply (#11).

20   I.  Background

21          In 2008, Plaintiff applied for and received a credit card from Chase Bank.  Plaintiff charged

22   $3,162.14 to the card. On December 12, 2009, Plaintiff stopped making required payments on the

23   account.  On January 12, 2010, Chase sold the account and amount owed to Hilco Receivables, LLC,

24   which had merged with Defendant Equable.

25
26

1    Defendant Weltman, Weinberg & Reis Co. ("WWR") was hired to collect on the debt.  On

2    April 26, 2011, WWR sent Plaintiff a letter regarding the debt and how to file a dispute.  Plaintiff

3    disputed the debt and WWR validated it on June 2, 2011.

4    Defendant referred the matter to Defendant Hopp Law Firm ("HLF") to file suit.  On

5    September 30, 2011, Defendant HLF sent Plaintiff a letter identifying itself, the current creditor, the

6    amount owed, and payoff information.  On January 30, 2012, HLF filed a summons and complaint in

7    Henderson Justice Court for breach of contract.  On February 26, 2012, Plaintiff again disputed the

8    debt.  On March 14, 2012, HLF provided validation of the debt.

9    Plaintiff brought this action on May 21, 2012 alleging violations of the Fair Debt Collections

10   Practices Act ("FDCPA")15 U.S.C. § 1692 *et. seq.,* and the Fair Credit Reporting Act ("FCRA") 15

11   U.S.C. § 1681 *et. seq.*

12   II.  Discussion

13   A. Standard for Summary Judgment

14   Defendants have moved to dismiss, or in the alternative, for summary judgment.  Because

15   Defendants introduce evidence that is beyond the pleadings, the Court will construe the motion as a

16   motion for summary judgment.  See Fed. R. Civ. P. 12(d).

17   Summary judgment shall be granted if there is no genuine dispute as to any material fact and

18   the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving

19   party bears the initial burden of showing the absence of a genuine dispute of material fact.  See

20   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to

21   set forth specific facts demonstrating a genuine factual dispute for trial.  See Matsushita Elec. Indus.

22   Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

23   All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

24   See Matsushita, 475 U.S. at 587.  However, the nonmoving party must produce specific facts, by

25   affidavit or other evidentiary materials similar to those described in Rule 56, to show that there is a

26   genuine dispute for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Summary

1    judgment motions can only be defeated by admissible evidence.  In re: Oracle Corporation Securities

2    Litigation, 627 F.3d 376, 385 (9th Cir. 2010). "A conclusory, self-serving affidavit, lacking detailed

3    facts and any supporting evidence, is insufficient to create a genuine issue of material fact."  Nilsson

4    v. City of Mesa,  503 F.3d  947,  952  n. 2 (9th Cir.  2010) (citation  omitted).  An affidavit that

5    contradicts the plaintiff's own deposition testimony is not sufficient to defeat summary judgment.

6    Orr v. Bank of America, 285 F.3d 764, 780 n. 28 (9th Cir. 2002).  Furthermore, "when opposing

7    parties tell two different stories, one of which is blatantly contradicted by the record, so that no

8    reasonable jury could believe it, a court should not adopt that version of the facts for purposes of

9    ruing on a motion for summary judgment."  Scott v. Harris, 550 U.S. 372, 380 (2007)

10        Summary judgment shall be entered "against a party who fails to make a showing sufficient

11   to establish the existence of an element essential to that party's case, and on which that party will

12   bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

13   if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

14        C.  Standard for Pro Se Litigants

15        Plaintiff is representing himself *pro se*.  Courts must liberally construe the pleadings of *pro se*

16   parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, "*pro se*

17   litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of

18   record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

19        D. FDCPA

20        "[T]he purpose of the FDCPA is to protect consumers broadly from improper practices

21   and the statute is to be interpreted liberally for this purpose." Riley v. Giguiere, 631 F.Supp.2d 1295,

22   1305 (E.D.Cal.2009)(citing Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1171,

23   1175 (9th Cir.2006)).  It is a strict liability statute that "makes debt collectors liable for violations

24   that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th

25   Cir.2010)(internal quotation and citation omitted). Proof of actual damages is not required for

26   recovery under the FDCPA.  Keele v. Wexler, 149 F.3d 589, 593 (7th Cir.1998).

1          1.  15 U.S.C. § 1692, *et seq.*

2         The FDCPA prohibits debt collectors from using any "false, deceptive, or misleading

3     representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e. Further,

4     Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or

5     attempt to collect any debt or to obtain information concerning a consumer."  Additionally, Section

6     1692e(12) prohibits "the false representation or implication that accounts have been turned over to

7     innocent purchasers for value."  When determining whether a misrepresentation in a debt collection

8     has been made, the court must apply the "least sophisticated debtor" standard and make a

9     determination as to whether the debtor would be "deceived or mislead by the misrepresentation."

10    Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1098-100 (9th  Cir. 1996).

11        Defendants have provided evidence that their correspondence and the representations therein

12    were not misleading, deceptive, or false.  Plaintiff has failed to provide any evidence which would

13    create an issue of fact on this point.  Instead, Plaintiff relies on conclusory and unsupported

14    statements that Defendants "failed to validate the debt or demonstrate they were not making false and

15    misleading representations." Additionally, Plaintiff alleges in his complaint that Defendant Equable

16    "sold, transferred or assigned the alleged debt" to Defendant WWR and HLF.  In his opposition,

17    Plaintiff argues that WWR and HLF deny being debt collectors.  Plaintiff provides no support for any

18    of his assertions and merely repeats his mistaken belief that Equable does not own the debt and

19    cannot collect because it does not have a contractual relationship with Plaintiff.  Defendants have

20    produced undisputed evidence showing that they properly undertook collection of the debt and did

21    not violate 15 U.S.C. § 1692 *et seq*. Accordingly, summary judgment is granted in favor of

22    Defendants on Plaintiff's First and Third and Fourth Counts.

23         2.  15 U.S.C. § 1692g

24        The FDCPA requires a debt collector to provide a validation notice within five days of "the

25    initial communication with a consumer in connection with the collection of any debt ... unless the ...

26    information is contained in the initial communication ...."  15 U.S.C. § 1692g.  Courts in this district

4

1  have held that where a validation notice had been sent by a debt collector, another debt collector

2  hired to litigate for collection of that same debt need not supply a second validation notice.  Nichols

3  v. Byrd,  435 F.Supp.2d 1101, 1107 (D.Nev. 2006).

4        Defendant Equable is not a debt collector and is not required to provide a validation notice.

5  Defendant WWR has demonstrated that the initial communication with Plaintiff related to this debt

6  contained the validation information as required by § 1692g and that Defendants properly validated

7  the debt.  In its subsequent correspondence Defendant HLF was not required to provide this

8  information a second time.  However, Defendants have produced a copy of the original

9  communication with Defendant HLF, which shows that Defendant HLD did provide validation

10  information.  Plaintiff offers nothing to show that Defendants failed to properly validate the debt

11  pursuant to § 1692g.  Accordingly, summary judgment is granted in favor of Defendants on

12  Plaintiff's Second and Sixth causes of action.

13                **3.  15 U.S.C. § 1692f**

14        15 U.S.C. § 1692f prohibits the "unfair or unconscionable means to collect or attempt to

15  collect any debt."  The statute lists eight explicit violations which broadly relate to amounts that

16  may be collected, mishandling payments, coercing or threatening consumers, manners of

17  unacceptable collection, and deceiving consumers.  Id.

18        Plaintiff's basis for his claims under this section is that Defendants failed to verify the debt

19  and that Equable sold the debt.  As discussed previously, there is no dispute of fact on these issues

20  and accordingly, summary judgment on Plaintiff's Fifth Count is granted in favor of Defendants.

21        C. FCRA, 15 U.S.C. § 1681b

22        15 U.S.C. § 1681b(a)(3)(A) provides that a consumer reporting agency may furnish a

23  consumer report to "a person which it has reason to believe"…

24          (A) intends to use the information in connection with a credit transaction
        involving the consumer on whom the information is to be furnished and

25          involving the extension of credit to, or review or collection of an account of,
        the consumer.

26

1  A qualifying credit transaction under Section 1681b(a), must be both (1)so b a "credit transaction

2  involving the consumer on whom the information is to be furnished" and (2) involve "the extension

3  of credit to, or review or collection of an account of, the consumer."

4       Defendants have offered evidence that both of these elements were met in connection with

5  obtaining Plaintiff's credit report.  Plaintiff has provided no evidence showing a dispute of fact that

6  Defendants complied with the FCRA.  Accordingly, summary judgment is granted in favor of

7  Defendants on this claim.

8  III. Conclusion

9       **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or in the Alternative

10  Motion for Summary Judgment (#7) is **GRANTED**.

11       **IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of

12  Defendants.

13       DATED this 23rd day of October 2012.

14

15

16  _____

17  Kent J. Dawson
   United States District Judge

18

19

20

21

22

23

24

25

26

6